**287. CONSIDERATION.**
See 147. Bills, Notes and Checks. Swinburne v Dahms, OA. 6 Abs. 194.

**291. CONSTITUTIONAL LAW.**
See 413. Divorce and Alimony. Snyder v. Buckeye State B. & L. Co., OA. 6 Abs. 203.

**292. CONSTRUCTION.**
See 297. Contracts. Cleary v. Fid. & Cas. Co., OA 6 Abs. 185.

**297. CONTRACTS.**
Cleary v. Fid. & Cas. Co. of N. Y., OA. 6 Abs. 185.
Read v. Marty, OA. 6 Abs. 199.

**301. CONTRIBUTORY NEGLIGENCE.**
Reed v. Hensel, OA. 6 Abs. 204.

**313. CORPORATIONS.**
Vandemark v. Actuating Farm Gate Co., OA. 6 Abs. 204.

**396. DIRECTED VERDICTS.**
Reed v. Hensel, OA. 6 Abs. 204.

**398. DISMISSAL.**
See 1195. Trials. Harvie et v. Goodale et, OA. 6 Abs. 198.

**413. DIVORCE AND ALIMONY.**
See 769. Minors. Thompson v. Mueller, OA. 6 Abs. 184.
Snyder v. Buckeye State B. & L. Co., OA. 6 Abs. 203.

**419. DOWER.**
See 615. Husband and Wife. Snyder v. Buckeye State B. & L. Co., OA. 6 Abs. 203.

**465. ERROR.**
Cuyahoga Baking Co. v. Tomasouskas, etc., OA. 6 Abs. 195.

**480. EVIDENCE.**
Downer v. Hart et, OA. 6 Abs. 198.
Burch v. State, OA. 6 Abs. 202.
Reed v. Hensel, OA. 6 Abs. 204.
See 1271. Wills and Legacies. Kennedy v. Walcutt, OS. 6 Abs. 206.

**593. GUARDIAN AND WARD.**
Read v. Marty, OA. 6 Abs. 199.

**615. HUSBAND AND WIFE.**
Snyder v. Buckeye State B. & L. Co., OA. 6 Abs. 203.

**625. INDEMNITY.**
See 297. Contracts. Cleary v. Fid. & Cas. Co., OA. 6 Abs. 185.

**625. INDEMNITY BONDS.**
Middlesex Fabric Co. v. Royal Ind. Co., OA. 6 Abs 202.

**643. INSANITY.**
See 1271. Wills and Legacies. Kennedy v. Walcutt, OS. 6 Abs. 206.

**661. INTOXICATING LIQUOR.**
See 480. Evidence. Burch v. State, OA. 6 Abs. 202.

**677. JUDGMENTS AND DECREES.**
See 465. Error. Cuyahoga Baking Co. v. Tomasoukas, etc., OA. 6 Abs. 195.
Boelscher v. Boelscher, OA. 6 Abs. 199.

**681. JURISDICTION.**
Snyder v. Buckeye State B. & L. Co., OA. 6 Abs. 203.

**703. LANDLORD AND TENANT.**
McKinley v. Niederst, OS. 6 Abs. 205.

**723. LIFE INSURANCE.**
Schmidt, Admrx. v. Prudential Ins. Co., OA. 6 Abs. 197.

(Continued on Page 208)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

### SWINBURNE v. DAHMS.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3098. Decided Jan. 16, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**147. BILLS, NOTES AND CHECKS—287.** Consideration.

Notes, executed and endorsed for purpose of stopping prosecution and releasing maker from criminal liability, held void.

Error to Common Pleas.
Judgment affirmed.

William M. Vance, Cincinnati, for Swinburne.

Harry Hess, Cincinnati, for Dahms.

### STATEMENT OF FACTS.

One Steve Klein purchased, from Ray Swinburne, an automobile, and gave his check for $300 in payment. The check was returned marked "insufficient funds," and thereupon Swinburne caused the arrest of Klein on the charge of giving a check without funds to meet it.

Thereupon, negotiations for a settlement of the claim were had. The notes in question were executed, and the defendant in error, Dahms, endorsed the notes as accommodation endorser, for the reason, as he stated: "I signed the notes on account that Mr. Gilday came to me and wanted me to sign the notes for a man to get him out of jail."

Swinburne brought an action against Otto Dahms, the endorser, and, in the Municipal Court, he secured a judgment for the full amount of the note. Dahms prosecuted error in the Court of Common Pleas, which court reversed the Municipal Court and entered judgment in favor of Dahms, on the ground that the notes were void, by reason of illegality of consideration.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

The main point stressed here is that, as the Common Pleas Court, in effect, reversed on the weight of the evidence, it was without power to enter judgment for Dahms, but should have remanded the case for a new trial.

The evidence is conclusive that the notes were executed and endorsed for the purpose of stopping the prosecution begun by Swinburne against Klein. That such a consideration is an illegal one, voiding the instruments, is settled law. That the notes incidentally discharged the original debt, does not change the real consideration.

The facts show conclusively the illegal consideration, and the Court of Common Pleas did not err in entering the judgment that it did.

(Mills and Cushing, JJ., concur.)